UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.                                     Case Nos.   5:12cr5/MW/CJK
                                                   5:13cv267/MW/CJK

TOMMY CHIN VAN DUONG
_____/

REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (ECF No. 611). The Government has filed a response (ECF No. 624) and Defendant has filed a reply. (ECF No. ). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that Defendant has not raised any issue requiring an evidentiary hearing and that the § 2255 motion should be denied. *See* Rules Governing Section 2255 Cases 8(a) and (b).

## PROCEDURAL AND FACTUAL BACKGROUND[1]

Defendant was charged in two counts of a fifteen count second superseding indictment with conspiracy to possess with intent to distribute five kilograms or more of cocaine ("Count One") and possession with intent to distribute 500 grams or more of cocaine on a date certain ("Count Fifteen"). (ECF No. 160). On July 18, 2012, the Government filed a notice of enhancement information indicating its intent to seek enhanced penalties due to Defendant's prior felony drug conviction. (ECF No. 269). The notice framed Defendant's sentencing exposure as to "increased maximum penalties [of]. . . twenty (20) years to life imprisonment... [and] ten (10) years to life imprisonment." (ECF No. 269 at 2). Although arguably implied, the notice did not specify that the lower ends of these ranges were statutory mandatory minimums.

On August 22, 2012, Defendant entered a plea of guilty pursuant to a written plea agreement and statement of facts. (ECF Nos. 326–328). Relevant to the claim raised in the instant motion, the agreement provided that Defendant faced a term of imprisonment of twenty years to life imprisonment on Count One, and a term of ten years to life imprisonment on Count Fifteen. (ECF No. 326 at 2). Again, the phrase

---

[1] Detailed statements of facts describing the offense conduct are set forth in the PSR and the Government's response to Defendant's motion, and will be set forth herein only as necessary to the instant motion.

Case Nos. 5:12cr5/MW/CJK; 5:13cv267/MW/CJK

"statutory mandatory minimum" was not used, although it was implied. Later in the agreement, it is noted that the district court's discretion in imposing sentence was limited "only by the statutory maximum sentence and *any mandatory minimum sentence prescribed by statute for the offenses*." (ECF No. 326 at 4 (emphasis added)).

At the change of plea hearing, Defendant's attorney informed the court that he had advised his client that he was looking at "between 20 and life" with the enhancement that had been filed (ECF No. 540 at 2). Counsel indicated that Defendant had a question with respect to the sentence he faced, whether it was as stated in the plea agreement. (*Id*.). The court inquired of Defendant and he agreed that this was his question. (*Id*. at 3). Counsel reiterated that he told his client that the only thing he was pleading to was "an offense that could get him between 20 and life." (*Id*.) The Government concurred that there was no agreement between the Government and the Defendant and that he faced "20 to life on Count 1" and "ten to life" on Count Fifteen. (*Id*.). The AUSA stated "those are the minimums and the maximums for the (sic) both of those counts," noting also that "the parties agree that the sentence to be imposed is left solely to the discretion of the district court. (*Id*.). It went on to state that "there have been no agreements as to what sentence he will

receive. And it is, as set forth in the plea agreement, solely within the Court's discretion. This is not a binding plea agreement that sets forth a sentence that binds this court, and there have been no prior discussions about a specific sentence." (ECF No. 540 at 3–4). The court asked Defendant if that resolved his specific concerns and Defendant responded in the affirmative. (ECF No. 540 at 4).

After describing the elements of the offense conduct and what the Government could prove, the Court again explained Defendant's sentencing exposure. It stated that he faced a mandatory minimum term of twenty years on Count 1, and a mandatory minimum ten year term on Count 15, with a maximum of life imprisonment. (ECF No. 540 at 11). The judge asked Defendant "do you understand that those are the maximum possible sentences?" Defendant responded, "Yes, sir." (*Id.*).

The court asked whether Defendant felt he had a general understanding of the range of sentences he might be looking at, and whether he understood that the judge would calculate and consider the appropriate sentencing guideline along with the "factors of the sentencing statutes." (ECF No. 540 at 11–12). Defendant again responded in the affirmative. The court warned Defendant that although his attorney had years of experience in dealing with the sentencing guidelines and statutes,

counsel could not predict how the court would interpret and apply the guidelines and statutes in Defendant's case. (ECF No. 540 at 12). The judge also told Defendant that if his sentence turned out to be different than what counsel predicted, he could not take back his guilty plea. (*Id*.).

Counsel assured the court that his client's plea was freely and voluntarily made, and that no assurances, promises or understandings had been given to him about the disposition of his case that were different than what the court had discussed in open court. (ECF No. 540 at 15–16).

The Final Presentence Investigation Report ("PSR") reflects the parties' understanding that the District Court's discretion in imposing sentence was "limited only by the statutory maximum sentence and any mandatory minimum sentence prescribed by statute for the offense." (ECF No. 438, PSR ¶ 41). Defendant's total offense level was 29 and his criminal history category was IV (ECF No. 438, PSR ¶¶ 102–111, 126–128). The applicable guidelines range would have been 121 to 151 months, but for the application of the statutory mandatory minimum, which restricted the guideline range to 240 months. (ECF No. 438, PSR ¶¶ 152–153).

At sentencing, the defense had no objections to the PSR. (ECF No. 511 at 3). Defendant spoke and asked the court to sentence him "within my guidelines." (*Id*.).

Counsel acknowledged the minimum mandatory and also reiterated Defendant's request for a guidelines sentence below the minimum mandatory. (ECF No. 511 at 6). The court sentenced Defendant to the mandatory minimum term of 240 months. After he was sentenced, Defendant inquired whether he was eligible for gain time, and he was told that he could earn 52 days per year of good time credit as well as a year off if he completed a drug rehabilitation program. (ECF No. 511 at 10–11).

Defendant filed a notice of appeal, but later voluntarily dismissed the appeal. He filed the instant motion to vacate shortly thereafter. (ECF Nos. 608, 611).

In the present motion, Defendant separates his claims into two grounds for relief, although they are inextricably interrelated. First, he asserts that his guilty plea was unknowing and involuntary because he was wrongfully advised that he would receive a sentence lower than the mandatory minimum. Second, he contends that counsel's failure to advise him that his guilty plea would directly result in a mandatory minimum sentence of twenty years imprisonment was constitutionally ineffective.

## LEGAL ANALYSIS

General Standard of Review

Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal. *Rozier*

Case Nos. 5:12cr5/MW/CJK; 5:13cv267/MW/CJK

*v. United States*, 701 F.3d 681, 684 (11th Cir. 2012); *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994). Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255. *Nyhuis*, 211 F.3d at 1343 (quotation omitted). Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised. *Sanders v. United States*, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Furthermore, a motion to vacate under section 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred. *Lynn*, 365 F.3d at 1234–35; *Bousley v. United States*, 523 U.S. 614, 621 (1998); *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011). An issue is "'available' on direct appeal when its merits can be reviewed without further factual development." *Lynn*, 365 F.3d at 1232 n.14 (*quoting Mills*, 36 F.3d at 1055). Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant

establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent." *Lynn*, 365 F.3d at 1234; *Bousley*, 523 U.S. at 622 (citations omitted). To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." *Lynn*, 365 F.3d at 1235. A meritorious claim of ineffective assistance of counsel can constitute cause. *See Nyhuis*, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. *Massaro v. United States*, 538 U.S. 500, 503 (2003); *see also United States v. Franklin*, 694 F.3d, 1, 8 (11th Cir. 2012). In order to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Williams v. Taylor*, 529 U.S. 362, 390 (2000); *Darden v. United States*, 708 F.3d 1225, 1228 (11th Cir. 2013). *Strickland*'s two part test also applies to guilty pleas. *Lafler v. Cooper*, 132 S.Ct.

Case Nos. 5:12cr5/MW/CJK; 5:13cv267/MW/CJK

1376, 1384 (2012) (*citing Hill v. Lockhart*, 474 U.S. 52, 58 (1985)). A defendant will be required to show that but for counsel's errors, he would not have pleaded guilty and would have instead insisted on proceeding to trial. *Id* at 1384–85 (*quoting Hill*, 474 U.S. at 59). A defendant's "after the fact testimony concerning his desire to plead, without more, is insufficient to establish" prejudice. *Pericles v. United States*, 567 F. App'x 776, 782 (11th Cir. 2014) (*quoting Diaz v. United States*, 930 F.2d 832, 835 (11th Cir. 1991)); *Rosin v. United States*, 786 F.3d 873 (11th Cir. 2015). A defendant must "convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010). In applying *Strickland*, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs. *Strickland*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013); *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000) ("[T]he court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.").

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688; *see also Dingle v. Sec'y for Dep't*

*of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007).  Reviewing courts are to examine counsel's performance in a highly deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance."  *Hammond v. Hall*, 586 F.3d 1289, 1324 (11th Cir. 2009) (*quoting Strickland*, 466 U.S. at 689); *see also Chandler v. United States*, 218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of reasonableness of counsel's conduct); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation").  Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight.  *Strickland*, 466 U.S. at 689.  To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take."  *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); *Chandler*, 218 F.3d at 1315.  When reviewing the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect."  *Chandler*, 218 F.3d at 1316 n.18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been

different. *Strickland*, 466 U.S. at 694. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011) (*quoting Strickland*). For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." *Lockhart v. Fretwell*, 506 U.S. 364, 369–70 (1993); *Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 754 (11th Cir. 2010). A defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart*, 506 U.S. at 369 (*quoting Strickland*, 466 U.S. at 687). Or in the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. *Glover v. United States*, 531 U.S. 198, 203–04 (2001). A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." *Id.* at 203.

To establish ineffective assistance, Defendant must provide factual support for his contentions regarding counsel's performance. *Smith v. White*, 815 F.2d 1401,

1406–07 (11th Cir. 1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333–34 (11th Cir. 2012); *Garcia v. United States*, 456 F. App'x 804, 807 (11th Cir. 2012) (*citing Yeck v. Goodwin*, 985 F.2d 538, 542 (11th Cir. 1993)).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." *Chandler*, 218 F.3d at 1313. This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. *Dingle*, 480 F.3d at 1099; *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" *Dingle*, 480 F.3d at 1099 (*quoting Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)). The Sixth Circuit has framed the question as not whether counsel was inadequate, but rather whether counsel's performance was so manifestly ineffective that "defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992). Regardless of how the

standard is framed, under the prevailing case law it is abundantly clear that a moving defendant has a high hurdle to overcome to establish a violation of his constitutional rights based on his attorney's performance. A defendant's belief that a certain course of action that counsel failed to take might have helped his case does not direct a finding that counsel was *constitutionally ineffective* under the standards set forth above.

An evidentiary hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b); *Rosin v. United States*, 786 F.3d 873, 877 (11th Cir. 2015); *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008). Not every claim of ineffective assistance of counsel warrants an evidentiary hearing. *Gordon*, 518 F.3d at 1301 (citing *Vick v. United States*, 730 F.2d 707, 708 (11th Cir. 1984)). To be entitled to a hearing, a defendant must allege facts that, if true, would prove he is entitled to relief. *See Hernandez v. United States*, 778 F.3d 1230, 1234 (11th Cir. 2015). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. *See Winthrop–Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (explaining that "a district court need not hold a hearing if the allegations [in a § 2255 motion] are ... based upon

unsupported generalizations") (internal quotation marks omitted); *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004).  Even affidavits that amount to nothing more than conclusory allegations do not warrant a hearing.  *Lynn*, 365 F.3d at 1239.  Finally, disputes involving purely legal issues can be resolved by the court without a hearing.

Defendant's Claims for Relief

Each of the two claims Defendant raises is premised upon the assertion that he was misadvised about the sentence he would receive in this case.  To the extent he denies knowledge of a minimum mandatory sentence, Defendant's claims are contradicted by the transcript of the plea colloquy, as set forth above.  There were multiple references to the fact that Defendant faced a mandatory minimum sentence.  Although the court did not specifically advise Defendant that it could not depart below the statutory minimum mandatory absent the filing of a substantial assistance motion, the record was nonetheless abundantly clear that Defendant was apprised of the sentence to which he was exposed, and that he understood this.  He will not now be heard to swear differently.  *See Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977) (solemn declarations made under oath in open court carry a strong presumption of verity).

Furthermore the Government has submitted the affidavit of former defense counsel, Rudolph Shepard, Jr., Esq. (ECF No. 624 at 21–22). In his affidavit, Mr. Shepard attests that his client was "advised several times that the minimum mandatory sentence was 20 years" and that Defendant had "questioned [Mr. Shepard] regarding the 20 year minimum mandatory on several occasions and was repeatedly advised that the sentence meant that he would be serving 20 years in a federal prison." (ECF No. 624 at 21). Counsel further explains that the case strategy was to attempt to avoid the 20 year minimum mandatory sentence through the provision of substantial assistance to the Government. His client had three opportunities to do this, each of which was unsuccessful due to the Government's belief that Defendant was being untruthful. (ECF No. 624 at 22). However, Defendant was fully aware of the reason he was attempting to get a substantial assistance motion: to avoid the 20 year minimum mandatory sentence.

Defendant did not file a reply to the Government's response, and as such counsel's affidavit is unrebutted. The record is clear that Defendant knew the sentence he faced, that no promises had been made to him, and that he received the statutory mandatory minimum sentence as required by law. Defendant has not shown that counsel was constitutionally ineffective and he is not entitled to relief.

Case Nos. 5:12cr5/MW/CJK; 5:13cv267/MW/CJK

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Case Nos. 5:12cr5/MW/CJK; 5:13cv267/MW/CJK

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The motion to vacate, set aside, or correct sentence (ECF No. 611) be **DENIED**.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 23rd day of December, 2015.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case Nos. 5:12cr5/MW/CJK; 5:13cv267/MW/CJK