UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA,

    *Plaintiff*,

v.                                                          Case No.5:12cr5-MW/CJK

TOMMY CHIN VAN DUONG,

    *Defendant*.

_____/

**ORDER DENYING MOTION TO VACATE
OR SET ASIDE CONVICTION AND SENTENCE**

Defendant Tommy Chin Van Duong moves to vacate or set aside his conviction and sentence under 28 U.S.C. § 2255. The magistrate judge concluded that Defendant had not raised any issue requiring an evidentiary hearing and recommended that this Court deny the § 2255 motion and not issue a certificate of appealability. ECF No. 834. This Court has reviewed Defendant's objections *de novo* and overrules them. This order adopts the report and recommendation and denies Defendant's § 2255 motion.

In his verified motion, Defendant says that his lawyer told him that he would receive a sentence lower than the mandatary

1

minimum term of 20 years of imprisonment. *See* ECF No. 611. Defendant asserts that his guilty plea was not knowing and voluntary and he was deprived of his right to effective assistance of counsel. *Id*. The Government responded with, among other things, an affidavit from Defendant's lawyer, Mr. Shepard, in which Mr. Shepard swears that he advised Defendant about the mandatory minimum sentence. ECF No. 624. So there is a factual dispute regarding what Mr. Shepard told Defendant about his possible sentence. But it makes no difference.

At the change-of-plea hearing, Mr. Shepard stated twice that he had advised Defendant that "he's looking at—that the penalties are between 20 and life." ECF No. 540, at 2. More importantly, before Defendant entered his plea the district judge specifically advised Defendant that Count 1 carried a 20 year mandatory minimum term of imprisonment, and Count 15 carried a 10-year mandatory minimum sentence. ECF No. 540, at 11. True, the district judge at first asked Defendant only if he understood the *maximum* possible sentence; the district judge did not specifically ask Defendant if Defendant understood the minimum mandatory sentence. *Id*. But then Defendant confirmed on the record and under oath that he understood the range of the sentences he faced. *Id*.

2

The Government pointed this out in its response. ECF No. 624, at 13. Defendant has not asserted, with evidence or otherwise, that he failed to understand the district judge's explanation of the applicable mandatory minimum sentences, which were explained in detail at the change-of-plea hearing.

In his § 2255 motion, Defendant asserts that Mr. Shepard gave him the presentence investigation report ("PSR") but did not review the contents of the PSR with him or tell him that he could challenge incorrect factual assertions in the PSR. Defendant says that he "noticed several errors within the PSR." But Defendant does not say what these alleged errors might be. Defendant objects to the report and recommendation, asserting that he did not have an opportunity to review the *draft* PSR. But, again, he does not say how this prejudiced him. And paragraphs 152 and 153 of the draft and final PSRs are identical:

> 152. **Statutory Provisions**: The minimum term of imprisonment on Count 1 is 20 years and the maximum enhanced term is life. 21 U.S.C. § 841(b)(1)(A). The minimum term of imprisonment on Count 15 is 10

> years and the maximum enhanced term is life. 21 U.S.C. § 841(b)(1)(B).
>
> 153. **Guideline Provisions**: Based upon a total offense level of 29 and a criminal history category of IV, the guideline imprisonment range is 121 - 151 months. However, due to the mandatory minimum term of 240 months required by statute, the defendant's guideline range becomes restricted to 240 months.

ECF No. 417 ¶¶ 152–153; ECF No. 438 ¶¶ 152–153. Defendant's suggestion that the draft PSR "did not fully articulate the guideline range" and final PSR did not "articulate a guideline range" is plainly contradicted by the record. In the end, as to the PSRs, Defendant has only put forward bare, conclusory allegations, which are mostly contradicted by the record. These are insufficient to establish ineffective assistance of counsel.

Defendant has not established, under the undisputed facts, that but for his lawyer's allegedly deficient performance the outcome of the proceeding would have been different; that he would not have pled guilty and received the 20-year sentence.

Defendant further objects to the magistrate judge's recommendation to deny a certificate of appealability. ECF No. 835, at 2. With the other objections addressed and overruled, this Court

4

agrees that there is no substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

For these reasons and those set out in the report and recommendation,

**IT IS ORDERED**:

1. The report and recommendation, ECF No. 834, is **ACCEPTED** and **ADOPTED** as this Court's further opinion.

2. Defendant's motion to vacate or set aside his conviction and sentence, ECF No. 611, is **DENIED**.

3. Defendant is **DENIED** a certificate of appealability.

4. The Clerk must close the file.

**SO ORDERED on February 1, 2016.**

                                <u>s/Mark E. Walker</u>
                                **United States District Judge**